IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY HURT,

    Plaintiff,

v.                                   Civil Action No.:  CCB-21-572

ALL PUBLIC MEDIA,

    Defendant.

## MEMORANDUM

The above-entitled action was received by the court on March 4, 2021. Plaintiff seeks to proceed in forma pauperis. ECF No. 2. For the reasons set forth below, the motion to proceed in forma pauperis shall be denied and the complaint dismissed.

Plaintiff, a prisoner confined to North Branch Correctional Institution, has accumulated four "strikes" pursuant to 28 U.S.C. § 1915(g). *See Hurt v. Fourth Cir. Ct. of Md., et al.*, Civ. Action PWG-16-2506 (D. Md. 2016) (dismissed with a strike Aug. 9, 2016); *Hurt v. State of Md, et al.*, Civ. Action DKC-21-258 (D. Md. 2021) (dismissed with a strike Feb. 4, 2021); *Hurt v. All Corrections Officers and Staff employed by North Branch C.I.*, Civ. Action SAG-21-456 (D. Md. 2021) (dismissed with a strike March 2, 2021); and *Hurt v. Individually and as a whole, every public media establishment of the USA, et al.*, Civ. Action PX-21-506 (D. Md. 2021) (dismissed with a strike March 3, 2021). Consequently, he may not file a civil action for damages in forma pauperis unless he demonstrates that he is in imminent danger of physical harm. "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). This provision allows "a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Commissioner of Social Security Administration*, 801 Fed. Appx.

90, 95 (4th Cir. January 28, 2020).  Imminent danger in this context must be "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." *Id*. at 96; *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.").  The current complaint does not demonstrate an imminent danger of harm and, because it also fails to state a claim, it must be dismissed.

Through his complaint, Plaintiff seeks to hold "all public media" accountable for racial tension in the United States.  The complaint references "communist propaganda," and states that:

> Plaintiff speculates that the public media might easily, through their product, be found to be advantage taking the black brown and white minds of this country while the trance-like state of television or books is in effect, and with above-referenced injections of the mind, conspiring to cause the races in this country to discern within one another the flaws by which to deem anything other than mortal combat, as in and of itself, a moral flaw or thing worse than death.

ECF No. 1 at 6.  As relief Plaintiff seeks an injunction requiring "the public media of this nation to cease creating and distributing communist propaganda" and an investigation "via criminal courts for aspects of conscious treason amongst the medias of the U.S.A." *Id*. at 7.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint.  The court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The instant complaint does not include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, the complaint fails to comply with basic pleading requirements.  Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court

already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . "  Here, Plaintiff's generalized disgruntlement with the role public media plays in American social discourse does not demonstrate his entitlement to any relief.  Any future complaint filed by Plaintiff must either be accompanied by the full $400 filing fee or must demonstrate that he is in imminent danger of physical harm.

By separate order which follows, the motion to proceed in forma pauperis shall be denied and the complaint shall be dismissed for failure to state a claim.


\_\_\_\_\_3/10/2021\_\_\_\_\_                               \_\_/S/_____
Date                                                         Catherine C. Blake
                                                             United States District Judge